## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

D'Andre J. Fairgood,

                Plaintiffs,      Case No. 18-12107

v.                         Judith E. Levy
                             United States District Judge

Kipp Wethy (*MDOC Officer*),

                              Mag. Judge David R. Grand

                Defendant.

_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH <u>PREJUDICE [1]</u>

On July 16, 2021, after the parties failed to timely submit a Joint Final Pretrial Order ("JFPTO") and Defendant Kipp Wethy filed a notice indicating Plaintiff D'Andre J. Fairgood's failure to participate in drafting the JFPTO (ECF No. 43), the Court entered an order adjourning the scheduled Final Pretrial Conference and setting a new deadline of August 6, 2021 for submission of the JFPTO. (ECF No. 45.) On July 27, 2021, the Court entered an order reaffirming the requirement for the parties to cooperatively prepare the JFPTO after Plaintiff sent an *ex*

*parte* email to the Court solely consisting of a settlement offer for Defendant. (ECF No. 46.)

On August 6, 2021, Defendant filed a second notice outlining the history of his numerous attempts to communicate with Plaintiff about completion of the JFPTO since the Court's July 2021 orders. (ECF No. 47.) Later that day, Plaintiff sent the Court, again *ex parte*, a short email indicating that at some unnamed time earlier, his laptop crashed as he was emailing his response. E-mail from D'Andre Fairgood, Plaintiff, to William J. Barkholz, Case Manager to Judge Judith E. Levy (Aug. 6, 2021 18:04 EST) (on file with the Court). This email did not include any attachment. *Id*. As of the date of this order, Plaintiff has not submitted his draft version of the JFPTO or otherwise informed the Court regarding the parties' efforts toward cooperative completion of the JFPTO.

The Amended Scheduling Order (ECF No. 42) governing this case required submission of a JFPTO before the Final Pretrial Conference. *See* E.D. Mich. L.R. 16.2(a) ("The parties shall furnish a [JFPTO] in every civil case at, or if the judge requires, before the final pretrial conference."). Under Local Rule 16.2(c), "[f]or failure to cooperate in preparing or submitting the [JFPTO] or failure to comply strictly with

the terms of the [JFPTO], the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions." E.D. Mich. L.R. 16.2(c).

"[A] district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). Federal Rule of Civil Procedure 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Dismissal for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted). "A district court must be given substantial discretion in serving these tasks[.]" *Id.*

3

There are four factors that a district court considers in dismissing a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737. "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*. (quoting *Knoll*, 176 F.3d at 363).

Here, consideration of the factors outlined in *Schafer* weighs in favor of dismissal. Plaintiff's conduct constitutes a clear record of delay supporting dismissal for failure to prosecute. Plaintiff, who has been otherwise active in this case,[1] has failed to comply with the Court's repeated order to cooperate with the completion of the JFPTO. Plaintiff had ample time to respond to Defendant's attempts to communicate about the JFPTO, to submit his own draft version of the JFPTO, or to

---

[1] *See, e.g.,* ECF No. 46 (in which the Court reaffirmed the requirement for Plaintiff to cooperate in the formation of the Joint Final Pretrial Order in response to Plaintiff's *ex parte* July 21, 2021 email to the Court outlining a settlement offer for Defendant).

4

demonstrate why Plaintiff needed more time following the Court's July 16, 2021 and July 27, 2021 orders. The Amended Scheduling Order governing this case—filed on April 9, 2021—outlined the requirement for the parties to submit the JFPTO by July 14, 2021. (ECF No. 42, PageID.166.) The Court sua sponte extended the deadline to August 6, 2021. While Plaintiff's email on August 6, 2021 alleged that his laptop crashed while he was emailing his response to Defendant and the Court, Plaintiff could have attached his aforementioned response to that August 6, 2021 email or sent a follow-up email with his response in the days since. Nevertheless, Plaintiff neglected to pursue his case. This conduct "shows willfulness and fault in that [Plaintiff] was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Shafer*, 529 F.3d at 739. This factor supports the finding that Plaintiff's conduct amounts to a failure to prosecute.

Further, this Court's July 16, 2021 order setting a new deadline for submission of the JFPTO, as well as the July 27, 2021 order reaffirming the requirement for submission of the JFPTO, put Plaintiff "indisputably on notice" that his complaint faced dismissal were he to not submit a JFPTO in the indicated time period. *See id.* at 740. Plaintiff thus had an

additional three weeks to submit the JFPTO after the initial submission deadline and after he was warned of the possibility of dismissal for failure to do so. This "key" factor therefore weighs heavily in favor of failure to prosecute. *See id.*

An additional factor in determining failure to prosecute is whether this Court considered other lesser sanctions before dismissal. However, the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and is "loathe to require the district court to incant a litany of the available sanctions." *Id.* at 738. In this case, dismissal with prejudice is the first sanction for failing to prosecute, but it is also the appropriate sanction given Plaintiff's ample notice that failure to cooperate in the formation of a JFPTO would result in dismissal.

Finally, there is no evidence that dismissal of this litigation prejudices Defendant. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Id.* at 739 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d

364, 368 (6th Cir. 1997)). Here, while some of Defendant's efforts "were necessitated by a[] lack of cooperation by [Plaintiff]" (e.g., Defendant's attempts to communicate with Plaintiff and the filing of two notices indicating Plaintiff's failure to cooperate in the formation of the JFPTO), these efforts were relatively minimal and "occurred during the relatively short period of time" between April and August of 2021. *Id.* at 739. Additionally, Defendant's notices of failure to complete the JFPTO request dismissal based on Plaintiff's failure to abide by the Court's orders. (ECF No. 43, PageID.171; ECF No. 47, PageID.187.)

Accordingly, the Court finds that dismissing Plaintiff's complaint is the appropriate manner to resolve the case under the circumstances.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE Plaintiff's complaint.

IT IS SO ORDERED.

Dated: August 30, 2021          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

7

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 30, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager